FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2009 APR 10 AM 11:58

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      No. CR 08-2665 RB

MICHAEL ANTHONY MCCARTHY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion for Bill of Particulars (Doc. 48), filed on March 19, 2009, Defendant's Amended Motion for Bill of Particulars (Doc. 50), filed on March 20, 2009, and Defendant's Motion to Dismiss Indictment (Doc. 52), filed on March 20, 2009. Plaintiff filed timely responses in opposition to these motions. On April 1, 2009, the Court held a hearing on pending motions.[1] Having considered the submissions of the parties, relevant law, and being otherwise fully informed, the Court finds that Defendant's motion for bill of particulars and amended motion for bill of particulars should be denied. The motion to dismiss indictment should be denied to the extent that it challenges the sufficiency of the indictment. The other issues raised in the motion to dismiss indictment must await additional proceedings.

**I.    Background.**

On August 15, 2008, Defendant entered the New Mexico Motor Transportation Division Port of Entry on Interstate 10 eastbound in Lordsburg, New Mexico at the wheel of a semi-trailer truck. Defendant was arrested after 385 kilograms of marijuana were found secreted in the trailer. Defendant was charged with conspiracy to commit possession with intent to distribute more than

---

[1] The April 1, 2009 evidentiary hearing on Defendant's motion to suppress was continued at Defendant's request.

100 kilograms of marijuana, possession with intent to distribute more than 100 kilograms of marijuana, and aiding and abetting. The call of the calendar is set for April 10, 2009. Trial is set on the April 20, 2009 trailing docket.

**II.     Discussion.**

**A.      Defendant's Motion for Bill of Particulars and Amended Motion for Bill of Particulars.[2]**

Defendant argues that Count 1 of the indictment, which contains the conspiracy charge, is insufficient to apprise Defendant of how he committed the crime and fails to specify the crime. With respect to Count 1, Defendant requests this Court to order Plaintiff to file a bill of particulars specifying the following:

> a. How Mr. McCarthy is alleged to have conspired with other individuals; b. the identity of each of those individuals; c. the specific nature of the agreement; d. when the agreement was reached; e. which co-conspirators Mr. McCarthy is alleged to have conspired with directly; f. any and all acts committed by Mr. McCarthy in furtherance of the conspiracy; g. any and all acts committed by other conspirators in furtherance of the conspiracy; h. when and where alleged meetings amongst the defendants and co-conspirators took place; i. Who was present at these meetings; j. how Mr. McCarthy is alleged to have aided, abetted, counseled, commanded, induced or procured the commission of the alleged offense; k. how Mr. McCarthy is alleged to have aided, abetted, counseled, commanded or induced, the co-defendants or other individuals.

(*See* Def.'s Motion at 4-5.)

Defendant contends that Count 2, which charges possession with intent to distribute more than 100 kilograms of marijuana and aiding and abetting, fails to specify whether Mr. McCarthy actually possessed or had dominion and control over the marijuana or aided and abetted other alleged co-conspirators not named in the indictment. Defendant requests that the Court compel

---

[2] Defendant's motion for bill of particulars and amended motion for bill of particulars are essentially identical.

Plaintiff to file a bill of particulars identifying the facts in support of the charge of aiding and abetting.

"[An] indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Proc. 7(c)(1). An indictment is sufficient if it "sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992). A court measures the sufficiency of an indictment according to "practical rather than technical considerations." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). "The [C]ourt may direct the United States to file a bill of particulars," Fed. R. Crim. Proc. 7(f), to "amplify" the indictment, but the Court has broad discretion in deciding whether to grant a motion for a bill of particulars, *Dunn*, 841 F.2d at 1029.

A bill of particulars is not a discovery device. *Dunn*, 841 F.2d at 1029. Instead, "[t]he purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *Id.* A defendant is entitled to know the government's theory of the case, not all of the evidence underlying that theory. *Levine*, 983 F.2d at 167. The Tenth Circuit will leave a district court's denial of a bill of particulars undisturbed unless the defendant is actually surprised and thereby prejudiced at trial. *Levine*, 983 F.2d at 166.

Here, the indictment sufficiently apprises Defendant of the charges facing him, including the conspiracy charge. Count 1 of the indictment charges Defendant with conspiracy to possess with intent to distribute 100 kilograms and more of marijuana, a controlled substance. Count 2 charges Defendant with possession with intent to distribute 100 kilograms and more of marijuana, in

3

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2. The indictment names Defendant and defines the date and place of illegal activity as August 15, 2008 in Hidalgo County in the District of New Mexico. It is material that both charges of the indictment clearly identify the Defendant, the date and place of the offense, and the amount and type of controlled substance. It bears underscoring that the charges are clear and provide adequate notice to allow Defendant to prepare his defense. Under these circumstances, the indictment is sufficient as to both charges as a matter of law.

**B.     Defendant's Motion to Dismiss Indictment.**

Defendant moves to dismiss both counts of the indictment on the grounds that the indictment is insufficient. Specifically with regards to Count 1, Defendant contends that Count 1 fails to specify the crime of conspiracy or charge an overt act. Defendant also seems to challenge the sufficiency of the evidence as to Count 1. As to Count 2, Defendant asserts that he was arrested without probable cause, Defendant made exculpatory statements after his arrest, and Plaintiff is unable, as a matter of law, to prove Count 2 beyond a reasonable doubt.

Insofar as the motion to dismiss challenges the sufficiency of the indictment, the motion is denied as a matter of law for the reasons discussed in Section II A, *supra*. To the extent that the motion to dismiss challenges probable cause for the arrest, the Court must consider evidence that will be adduced at the suppression hearing. The question of whether Plaintiff is able to prove the charges beyond a reasonable doubt must await trial.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Bill of Particulars (Doc. 48), filed on March 19, 2009, and Defendant's Amended Motion for Bill of Particulars (Doc. 50), filed on March 20, 2009, are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment (Doc. 52), filed on March 20, 2009, is **DENIED** to the extent the motion to dismiss challenges the sufficiency of the indictment. Insofar as the motion to dismiss challenges probable cause for the arrest, the Court will consider the evidence developed at the suppression hearing on this issue. The question of whether Plaintiff is able to prove the charges beyond a reasonable doubt must await trial.

                                                **ROBERT C. BRACK**
                                                **UNITED STATES DISTRICT JUDGE**