IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                               **NO. CR 08-2665 RB**

**MICHAEL ANTHONY McCARTHY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Michael Anthony McCarthy's Motion to Exclude Expert Testimony, filed April 24, 2009. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, Mr. McCarthy's Motion to Exclude Expert Testimony is **DENIED IN PART**. The Court will rule on the issues that remain after the *Daubert* hearing scheduled for May 5, 2009 at 8:30 A.M. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1999).

**I.**    **Background.**

Mr. McCarthy was arrested on August 15, 2008, following the discovery by New Mexico Department of Transportation officers of marijuana in a tractor-trailer rig he was driving. Mr. McCarthy was indicted on November 13, 2008 on charges of possession of marijuana with intent to distribute and conspiracy to commit that offense. He was arraigned on December 2, 2008, at which time the Court entered an Order regulating discovery (hereinafter "Discovery Order"). According to the terms of the Discovery Order, the United States was required to provide the Defendant, by December 10, 2008, "a written summary of testimony the government intends to use

under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witnesses'[s] opinions, the bases and reasons therefor, and the witnesses'[s] qualifications." (Doc. 18).

On April 17, 2009, the United States filed its Notice of Intention to Offer Expert Testimony, disclosing that the United States intends to call United States Drug Enforcement Administration (hereinafter "DEA") Special Agent Eric K. Hansen as an expert witness. The disclosure stated that Special Agent Hansen would provide expert testimony (1) that the amount of marijuana seized–approximately 850 pounds–is a distributable amount, (2) regarding the business aspects of a drug trafficking scheme and the different roles of individuals involved in a drug trafficking scheme, (3) regarding the value of the narcotics seized at different locations,[1] and (4) about the tools of the trade of narcotics traffickers, including cellular telephones and the use of truck drivers and commercial motor vehicles in transporting illegal narcotics. The disclosure described Special Agent Hansen's qualifications, stemming from his experience as a law enforcement officer involved in investigating illegal drug trafficking, and stated that his testimony would be based on his knowledge, education, skill, experience, and training.

On April 24, 2009, Mr. McCarthy moved the Court, pursuant to Fed.R.Crim.P. 16(d)(2)(C), to exclude the proposed expert testimony of Special Agent Hansen on the following grounds: (1) the United States' disclosure of this expert witness was untimely; (2) the United States' disclosure failed to comply with the requirements of Fed.R.Crim.P. 16(a)(1)(G); (3) Special Agent Hansen's testimony may constitute improper bolstering of the United States' case. The United States counters

---

[1]On April 27, 2008, the United States disclosed that Special Agent Hansen would testify that, in August 2008, the marijuana found in Mr. McCarthy's trailer was valued between $350 to $525 per pound in Tucson, Arizona and between $800 to $1,050 per pound in Albany, New York.

that the untimeliness of its disclosure should be excused (1) because plea negotiations made it unclear whether this matter would proceed to trial, (2) the opinions Special Agent Hansen will provide are not surprising, complex, or controversial, and (3) Mr. McCarthy will not be prejudiced because the United States' disclosure provided the defense with sufficient time to prepare for trial. The United States further argues that the disclosure of the testimony Special Agent Hansen will provide was sufficiently detailed to meet the requirements of Fed.R.Crim.P. 16(a)(1)(G), and that Special Agent Hansen's testimony is clearly relevant to this case.

**II.     Legal Standards.**

> Fed.R.Crim.P. 16(a)(1)(G) provides in pertinent part:
>
> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. ... The summary provided under this subparagraph must describe the witnesses's opinions, the bases and reasons for those opinions, and the witnesses's qualifications."

Fed.R.Crim.P. 16(d)(2)(C) provides district courts with discretion to prohibit a party from introducing undisclosed evidence if the party fails to comply with the requirements of Fed.R.Crim.P. 16.

> The admission of expert testimony is governed by Fed.R.Evid. 702, which provides:
>
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Fed.R.Evid. 702, the Supreme Court has held that district courts must perform a gatekeeping role to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.  This gatekeeping role that district courts are required to

perform "applies not only to testimony based on scientific knowledge, but also to testimony based on technical or other specialized knowledge." *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 141 (1999). District courts have broad discretion "to determine reliability in light of the particular facts and circumstances of the particular case." *Id*. at 158.

**III.    Discussion.**

The United States has characterized Special Agent Hansen as an expert witness. The Court, therefore, must determine (1) whether the United States has provided the Defendant with a sufficient description of Special Agent Hansen's opinions, bases and reasons for those opinions, and qualifications to render those opinions, and (2) whether Special Agent Hansen's expert testimony will be relevant and reliable. Fed.R.Crim.P. 16(a)(1)(G); *Daubert*, 509 U.S. at 589.

Fed.R.Crim.P. 16 requires a disclosure that informs Mr. McCarthy, in case-specific terms, (1) the identity of the expert witness, (2) the qualifications of the expert witness, (3) a written statement of the case-specific opinions that will be the subject of testimony, and (4) the bases and reasons for those opinions. *See* Fed.R.Crim.P. 16(a)(1)(G). The United States has clearly fulfilled its obligation to disclose the identity and qualifications of its expert witness. In addition, the bases and reasons for Special Agent Hansen's opinions regarding drug trafficking–i.e., his experience and training as a law enforcement official involved in investigating narcotics trafficking–are also sufficiently disclosed. The United States' disclosure regarding Special Agent Hansen's expected testimony that 850 pounds of marijuana is a distributable amount is a sufficient summary of his opinion. Furthermore, although the initial disclosure that Special Agent Hansen "may testify about the value of the narcotics seized in this case" was an insufficient disclosure of opinion, the later filing–detailing his actual valuations of the marijuana found in the Defendant's trailer–cured the deficiency. However, the following disclosures lack sufficient case-specific detail and, therefore,

4

do not comply with Fed.R.Crim.P. 16: (1) that "Special Agent Hansen will offer testimony regarding the duties of different individuals involved in a drug trafficking scheme, their separate and distinct roles, and a general overview of the business aspects of a drug trafficking scheme," and (2) that "[h]e also may testify about the tools of the trade of narcotics traffickers, to include cellular telephones and the use of truck drivers and commercial motor vehicles in transporting illegal narcotics." *Id*. The United States is directed to cure these deficiencies in its disclosures within the next two days. Otherwise, Special Agent Hansen will be excluded from testifying on these undisclosed matters. *See* Fed.R.Crim.P. 16(d)(2)(C).

The Court finds Special Agent Hansen fully qualified, based on his experience and training, to provide expert opinion on matters relating to narcotics trafficking. *See Daubert*, 509 U.S. at 589. The Court further finds that, based on his experience and training, Special Agent Hansen's following opinions are relevant and reliable: (1) that 850 pounds of marijuana is a distributable amount and (2) that, in August 2008, the marijuana found in Defendant's trailer was valued between $350 and $525 per pound in Tucson, Arizona and between $800 to $1,050 per pound in Albany, New York. *See Daubert*, 509 U.S. at 589. In the absence of more detailed disclosures, however, the Court cannot rule on the relevance or reliability of Special Agent Hansen's other expert opinions. The Court will rule on these matters after the United States has cured the deficiencies in its disclosures and after a *Daubert* hearing, which is scheduled before trial.

Noting that Mr. McCarthy's defense has not and will not be prejudiced by the United States' late disclosures, the Court declines to exercise its discretion to fully exclude Special Agent Hansen's expert testimony. *See* Fed.R.Crim.P. 16(d)(2)(C). Indeed, DEA agents typically testify as expert witnesses in these types of drug trafficking cases, and there should be nothing surprising, complex, or controversial about Special Agent Hansen's proposed expert testimony. *See United States v.*

*Quintana*, 70 F.3d 1167, 1171 (10th Cir. 1995); *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992); *United States v. McDonald*, 933 F.2d 1519, 1520-23 (10th Cir. 1991).  Nevertheless, if the undisclosed expert testimony of Special Agent Hansen, which the United States seeks to introduce, turns out to be prejudicial, the Court will exercise its discretion at the *Daubert* hearing scheduled before trial to exclude any testimony that it deems to be irrelevant, unreliable, or out of the ordinary. *See Daubert*, 509 U.S. at 589.

**WHEREFORE,**

**IT IS ORDERED** that Mr. McCarthy's Motion to Exclude Expert Testimony is **DENIED IN PART**.  The Court will rule on the issues that remain after the *Daubert* hearing scheduled for May 5, 2009 at 8:30 A.M.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**